ORIGINAL

# In the United States Court of Federal Claims

No. 13-288T
(Filed: August 5, 2014)

**FILED**

AUG – 5 2014

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| CHRISTOPHER J. MCNAUGHTON and JUDITH I. MCNAUGHTON, ) ) ) ) | |
| Plaintiffs, ) ) | **Pro Se; refund claim untimely under 26 U.S.C. § 6511(a); lack of jurisdiction to hear partner-level refund suits under 26 U.S.C. § 7422** |
| v. ) ) ) | |
| THE UNITED STATES, ) ) | |
| Defendant. ) ) | |

*Christopher J. McNaughton* and *Judith I. McNaughton*, Scottsdale, AZ, *pro se* plaintiffs.

*Karen E. Servidea*, Tax Division, United States Department of Justice, Washington, DC, with whom were *Kathryn Keneally*, Assistant Attorney General, and *David I. Pincus*, Chief, Court of Federal Claims Section, for defendant.

## OPINION AND ORDER

**FIRESTONE**, *Judge*.

In this tax refund suit, pro se plaintiffs Christopher J. McNaughton and Judith I. McNaughton, husband and wife (collectively, "the plaintiffs" or "the McNaughtons"), seek $154,900 plus interest and unspecified penalties stemming from their 2005 and 2007 tax years. Their three-count complaint seeks tax refunds related to accumulated passive losses from several federally registered Publicly Traded Partnerships ("PTPs"). Plaintiffs allege that they misreported these losses when they sold their interests in 23 PTPs in 2004 and 2005, and 24 PTPs in 2007. Count I of the complaint seeks a refund of $96,300, plus

interest and unspecified penalties, stemming from the 2005 tax year.  Count II seeks a refund of approximately $58,600, plus interest and unspecified penalties, stemming from the 2007 tax year.  Count III seeks various penalties and costs due to alleged conduct of the Internal Revenue Service ("IRS" or "the Service"), which plaintiffs characterize as "persistently and systemically violative of Taxpayers' rights."  Compl. ¶ 53.  Pending before the court is the government's motion to dismiss Counts I and III of the complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), as well as the plaintiffs' motion for partial summary judgment as to Counts I and II.

In its May 12, 2014 response brief to plaintiffs' summary judgment motion regarding the 2007 refund claim, the government conceded that plaintiffs were entitled to the refund sought.  Thus, the issues now before the court relate only to plaintiffs' 2005 refund claim in Count I and plaintiffs' claims in Count III for penalties from the government for the 2005 and 2007 tax years.  The government argues that this court lacks jurisdiction over plaintiffs' 2005 claim and for penalties.  First, with regard to the 2005 refund claim, the government argues that plaintiffs' claim is untimely under I.R.C. § 6511(a)[1] and must be dismissed.  In the alternative, the government argues that the claim

_____

[1] This provision provides:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.  Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

2

is barred under I.R.C. § 7422(h).[2]  With regard to the claims for penalties against the IRS included in Count III, the government contends that the federal district courts, not the Court of Federal Claims, have exclusive jurisdiction to award penalties to taxpayers in connection with certain actions by the IRS and that plaintiffs have failed to identify any other basis for awarding money damages.

    Plaintiffs—in both their filings with the Service and before this court—have consistently argued that their 2005 claim was timely filed pursuant to Treas. Reg. § 301.6511(g)–1.  This provision established a four-year limitations period for filing a refund claim of any overpayment attributable to partnership items for a period of time following the enactment of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97–248, § 401, 96 Stat. 324, 648-71 (1982).  Plaintiffs argue that they may avail themselves of that provision with respect to the alleged overpayments attributable to partnership items at issue in their refund claim.  Plaintiffs further argue that the government's arguments related to I.R.C. § 7422(h) were not timely raised by the government and are therefore waived.  Plaintiffs also urge the court to delay ruling on the government's motion to dismiss Count III with regard to penalties in order to allow for discovery.

    For the reasons explained below, the government's motion to dismiss Count I in its entirety is **GRANTED**.  The government's motion to dismiss the claim for penalties

---

I.R.C. § 6511(a).

[2] I.R.C. § 7422(h) provides that "[n]o action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c)."  I.R.C. § 7422.

3

against the IRS contained in Count III is **GRANTED**. Plaintiffs' motion for partial summary judgment is **GRANTED-IN-PART** and **DENIED-IN-PART** to reflect the government's concession with regard to plaintiffs' 2007 refund claim in Count II.

## I.   BACKGROUND

### a. Statutory and regulatory background related to the taxation of partnerships

Because some of the parties' arguments turn on the application of TEFRA, a brief review of the tax treatment of partnerships will allow the court to address the parties' arguments in context.

Under the Internal Revenue Code, partnerships are not taxable as such. I.R.C. § 701. Rather, each partner is liable for income tax only in his or her individual capacity. Id. Accordingly, partnerships have been aptly described as both "computational entities which file information returns on which the taxable income of the partnership is determined[,] and conduits through which the items that give rise to tax are attributed to its partners and are reported on their returns." See Arthur B. Willis, John S. Pennell & Phillip F. Postlewaite, Partnership Taxation ¶ 20.01 (2014). Prior to legislative changes enacted by TEFRA, each partner could adopt whatever reporting position as to a partnership item[3] that the partner desired—there was no requirement that partners report

---

[3] The term "partnership item" is defined by statute as "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." I.R.C. § 6231. Among other things, the applicable Treasury Regulations list the following as partnership items: the partnership aggregate and each partner's share of income, gain, loss, deduction, or credit of the partnership; partnership liabilities; and non-deductible partnership expenditures. 26 C.F.R. § 301.6231(a)(3)–1(a)(1).

items consistently with how the partnership or other partners reported such items.  Id.
This created a substantial administrative burden on the IRS, which was required "to audit
the individual return of each partner separately to translate the adjustment of partnership
income into a change in the tax liability of each partner."  Id.

TEFRA (and its subsequent amendments) created a set of unified partnership audit
procedures to reduce the burden on the Service.  See id. ¶ 20.11.  As the Federal Circuit
explained:

> TEFRA comes into play when the IRS reviews a partnership return and
> disputes some aspect of it.  One of the Act's purposes was to streamline the
> tax procedures for partnerships.  Rather than undertake an arduous series of
> partner-by-partner audits, as had previously been required, TEFRA allows
> for a single, unified audit to determine the treatment of "partnership items"
> for all the partners.

Bush v. United States, 655 F.3d 1323, 1324-25 (Fed. Cir. 2011).  TEFRA also established
a set of procedures by which partnerships could seek to revise their partnership tax
returns, termed an "administrative adjustment request."  See I.R.C. § 6251.  Except in
limited circumstances, however, TEFRA "precludes any individual tax refund action for
a refund 'attributable to partnership items,'" because the tax treatment of such items must
be determined at the partnership level.  Bush v. United States, 101 Fed. Cl. 791, 793
(2011), aff'd, 717 F.3d 920 (Fed. Cir. 2013).  The jurisdictional bar to such suits is
provided by I.R.C. § 7422(h), which states that "[n]o action may be brought for a refund
attributable to partnership items (as defined in section 6231(a)(3)) except as provided in
section 6228(b)[4] or section 6230(c)[5]."[6]  I.R.C. § 7422(h).

---

[4]This provision provides:

Other requests.—

(1) Notice providing that items become nonpartnership items.—If the Secretary mails to a partner, under subparagraph (A) of section 6231(b)(1) (relating to items ceasing to be partnership items), a notice that all partnership items of the partner for the partnership taxable year to which a timely request for administrative adjustment under subsection (d) of section 6227 relates shall be treated as nonpartnership items—

(A) such request shall be treated as a claim for credit or refund of an overpayment attributable to nonpartnership items, and

(B) the partner may bring an action under section 7422 with respect to such claim at any time within 2 years of the mailing of such notice.

I.R.C. § 6228(b).

[5] This provision provides:

Claims arising out of erroneous computations, etc.—

(1) In general.—A partner may file a claim for refund on the grounds that—

(A) the Secretary erroneously computed any computational adjustment necessary—

(i) to make the partnership items on the partner's return consistent with the treatment of the partnership items on the partnership return, or

(ii) to apply to the partner a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a),

(B) the Secretary failed to allow a credit or to make a refund to the partner in the amount of the overpayment attributable to the application to the partner of a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a), or

(C) the Secretary erroneously imposed any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

I.R.C. § 6230(c).

[6] Plaintiffs argue that any objection to the validity of their 2005 claim premised on I.R.C. § 7422(h) has been waived by the government.

In 1983, after TEFRA had been enacted, the Service promulgated special

regulations for dealing with partnership items arising in partnership years beginning after

December 31, 1978, and before September 4, 1982.  Those regulations provide:

> In general.  In the case of any tax imposed by subtitle A with respect to any
> person, the period for filing a claim for credit or refund of any overpayment
> attributable to any partnership item of a federally registered partnership
> shall not expire before the later of—
>
> > (1) The date which is 4 years after the date prescribed by law
> > (including extensions thereof) for filing the partnership return for the
> > partnership taxable year in which the item arose, or
> >
> > (2) If the taxpayer or a general partner or a person authorized to act
> > on behalf of the partnership, as provided in § 301.6501(o)–2(d),
> > consents to extend the period for assessing a deficiency attributable
> > to the partnership item before the date specified in paragraph (a)(1)
> > of this section, the date 6 months after the expiration of the
> > extension.

26 C.F.R § 301.6511(g)–1(a).  The transitional nature of these regulations was reflected

in their "effective date" provision:

> Effective date.  The provisions of this section are effective generally for
> partnership items arising in <u>partnership taxable years beginning after
> December 31, 1978 and before September 4, 1982.</u>  This section shall not
> apply, however, to any partnership taxable year with respect to which the
> amendments made to Code section 6511(g) by section 402 of the Tax
> Equity and Fiscal Responsibility Act of 1982 are effective.  See section
> 407(a)(3) of that Act.

26 C.F.R. § 301.6511(g)–1(e) (emphasis added).  Plaintiffs argue that the court has

jurisdiction over their 2005 refund claim based on this regulation.

### b. Statement of facts[7]

Plaintiffs filed their original joint federal income tax return for 2005 on May 1, 2006, and reported a tax liability of approximately $184,000. Def.'s Mot. to Dismiss in Part, App. B, Ex. 1 at B-2, Docket No. 16 (Aug. 22, 2013). Plaintiffs filed their amended return more than three years later, on December 9, 2009. Compl. ¶ 1. Plaintiffs' amended 2005 tax return claimed a $96,300 refund, and stated that the return was being filed "pursuant to 26 C.F.R. 301.6511(g)–1." Def.'s Mot. to Dismiss in Part, App. B, Ex. 1 at B-6. In a statement attached to their amended return, plaintiffs explained that they had sold their entire interest in 23[8] PTPs in 2004 and 2005, and that their original 2005 return had not accounted for all of the accumulated passive losses associated with these partnerships. See Compl. Ex. 1, 3-4.

On April 28, 2011, plaintiffs received a letter from the IRS's Office of Appeals disallowing their claim. Compl. ¶¶ 3, 9. The letter stated that because the McNaughtons' December 2009 refund claim had been filed more than three years after their original 2005 return, the refund claim was untimely under I.R.C. § 6511(a). Compl. Ex. 2-1. The letter also addressed the McNaughtons' contention that the four-year statute of limitations set in 26 C.F.R. § 301.6511(g)–1(e) applied to their return. The IRS explained that the Internal Revenue Code had been amended to remove reference to the four-year statute of

---

[7] These facts are undisputed unless otherwise noted and are taken from the complaint, the parties' briefs, and the attachments thereto. Facts outside of the pleadings are considered solely for the purpose of adjudicating the government's RCFC 12(b)(1) motion to dismiss for lack of jurisdiction. See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (dicta recognizing that trial court may consider relevant evidence to resolve jurisdictional question).

[8] Plaintiffs' original 2005 return listed sales of interests in only 13 PTPs.

8

limitations following the transitional period of 1978-1982, and that the standard three-year limitations period found at I.R.C. § 6511(a) applied to all individual returns. Id.

Proceeding pro se, on April 24, 2013 plaintiffs filed their three-count complaint seeking $154,900 plus interest and unspecified penalties stemming from their 2005 and 2007 tax years. The government subsequently moved to dismiss Counts I and III of the complaint for lack of jurisdiction, as well as Count II to the extent that plaintiffs sought penalties. On January 9, 2014, plaintiffs moved for summary judgment with regard to Count I and Count II. On February 27, the government sought an enlargement of time, which was granted, in order to re-assess its position on certain jurisdictional issues raised in its motion to dismiss. As noted above, in its May 12, 2014 response, the government conceded that plaintiffs were entitled to summary judgment as to their refund claim for the 2007 tax year in the amount of $58,648, plus statutory interest.[9] The court now turns to the government's motion to dismiss Count I and portions of Count III.

## II.   DISCUSSION

### a.   Standard of review for motion to dismiss for lack of subject matter jurisdiction

The standard of review for a motion to dismiss for lack of subject matter jurisdiction is well-settled. Plaintiffs ultimately bear the burden of establishing, by a preponderance of the evidence, facts sufficient to invoke the court's jurisdiction. See Banks, 741 F.3d at 1277; Estate of Hage v. United States, 687 F.3d 1281, 1290-91 (Fed.

---

[9] Although, as explained below, the court lacks jurisdiction to grant plaintiffs' request for penalties, plaintiffs' motion for summary judgment as to the principal claim plus interest set forth in Count II is **GRANTED**.

Cir. 2012).  Where, as here, the government has moved to dismiss on jurisdictional grounds, "the factual allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true." Shoshone Indian Tribe of Wind River Reservation, Wyo. v. United States, 672 F.3d 1021, 1030 (Fed. Cir. 2012).  In ruling on the motion, the court may look beyond the pleadings and inquire into jurisdictional facts to determine whether jurisdiction exists. See Banks, 741 F.3d at 1277.

The Tucker Act, 28 U.S.C. § 1491(a)(1), along with 28 U.S.C. § 1346(a)(1), provide this court with jurisdiction to hear federal tax-refund claims. Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002).  This grant of jurisdiction is limited, however, by the Internal Revenue Code. See RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009).  Thus, the court lacks jurisdiction to hear a claim for a refund "unless a claim for refund of a tax has been filed within the time limits imposed by [the I.R.C.]." Id. at 1361 (quoting United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 5 (2008)).

### b.  Plaintiffs' 2005 refund claim is untimely

Plaintiffs contend that this court has jurisdiction over Count I because their claim was filed within the four-year limitations period established by Treas. Reg. § 301.6511(g)–1. The government responds that the McNaughtons' reading of Treas. Reg. § 301.6511(g)–1 is contrary to its plain language, and that the three-year statute of limitations provided by I.R.C. § 6511(a) applies.  For the reasons explained below, the court concludes that the McNaughtons may not rely on 26 C.F.R. § 301.6511(g)–1. Rather, the court agrees with the government that the plaintiffs were required to file their

refund claim in accordance with the 3-year time period set in I.R.C. § 6511(a), which

expired on May 1, 2009. Accordingly, their claim for the 2005 tax year is time-barred

and must be dismissed.

To begin, plaintiffs' contention that their claim is timely under 26 C.F.R. §

301.6511(g)–1 is directly contrary to the plain language of that regulation, which by its

terms applied only to partnership items arising in partnership taxable years beginning

after December 31, 1978 and before September 4, 1982. The "effective date" provision

of that regulation states:

> The provisions of this section are effective generally for partnership items
> arising in partnership taxable years <u>beginning after December 31, 1978 and
> before September 4, 1982.</u>  This section shall not apply, however, to any
> partnership taxable year with respect to which the amendments made to
> Code section 6511(g) by section 402 of the Tax Equity and Fiscal
> Responsibility Act of 1982 are effective. See section 407(a)(3) of that Act.

26 C.F.R. § 301.6511(g)–1(e) (emphasis added). Plaintiffs insist that the first sentence of

the regulation "was included to preserve and conform to the previous statutory period of

limitations applicable to federally registered partnerships during this pre-TEFRA time

period." Pls.' Resp. & Reply 3, Docket No. 29. In support, plaintiffs contend that

Section 407(a)[10] of TEFRA should be read as retaining the four-year limitations period

---

[10] Section 407(a) provides:

> (1) Except as provided in paragraph (2), the amendments made by sections 402,
> 403, and 404 shall apply to partnership taxable years beginning after the date of
> the enactment of this Act.

> (2) Section 6232 of the Internal Revenue Code of 1954 shall apply to periods after
> December 31, 1982.

> (3) The amendments made by sections 402, 403, and 404 shall apply to any
> partnership taxable year (or in the case of section 6232 of such Code, to any

except for partnership years following TEFRA's enactment in which the partnership, each partner, and each indirect partner <u>request</u> that the TEFRA amendments apply to their tax year. <u>See</u> <u>id.</u> at 6 ("The required parties have not applied for and/or consented to the application of the act regarding any of the relevant 2005 partnership items for the partnerships which are the subject of the plaintiffs' claims.").

A full reading of Section 407(a) reveals that Section 407(a)(3)—the clause on which plaintiffs principally rely—does not serve to make the four-year limitations period available for all partnership tax years after 1982. Contrary to plaintiffs' contentions, Section 407(a)(3) was aimed at dealing with a transition period for partnership tax years that began before, and ended after, September 3, 1982. In such cases, TEFRA would apply only with consent of the partnership, partners, and the Service. This provision thus allowed partnerships to elect which set of audit procedures would be used during the transition to TEFRA's audit procedures. Section 407(a)(1) makes clear, however, that TEFRA "<u>shall</u> apply to partnership taxable years <u>beginning after</u> the date of the enactment of [the] Act." TEFRA § 407(a) (emphasis added). In this connection, plaintiffs are incorrect to the extent that they argue that Section 407(a)(1) specifically excluded "pre-TEFRA partnerships" beginning before September 4, 1982.[11]

---

period) ending after the date of the enactment of this Act if the partnership, each partner, and each indirect partner requests such application and the Secretary of the Treasury or his delegate consents to such application.

TEFRA § 407(a).

[11] Indeed, it is legally irrelevant whether the partnerships in which plaintiffs held an interest were formed before or after TEFRA's enactment.  Plaintiffs appear to confuse the applicability of

Because the McNaughtons have not alleged that their claims relate to partnership items between December 31, 1978 and September 4, 1982, they cannot avail themselves of any special limitations provision in § 301.6511(g)–1(a)(1).[12] Rather, the three-year limitations period provided by I.R.C. § 6511(a) applies and the court cannot depart from the general three-year limitations period provided for by I.R.C. § 6511(a). See Clintwood Elkhorn Min. Co., 553 U.S. at 14; United States v. Brockamp, 519 U.S. 347, 354 (1997). Accordingly, plaintiffs' 2005 claim is time-barred, and Count I must be **DISMISSED** for lack of jurisdiction.

### c. I.R.C. § 7422(h) establishes an independent jurisdictional bar to plaintiffs' 2005 claim

The government argues, in the alternative, that because part or all of plaintiffs' 2005 claim is based on partnership items, the refund claim is barred under I.R.C. § 7422(h), which prohibits partner-level refund suits for partnership items. Specifically, the government contends that I.R.C. § 7422(h) precludes individual tax refund actions for refunds that are attributable to partnership items, except when (1) the claim relates to either computational errors by the Service or the application to a partner of a partnership-level settlement, administrative adjustment, or court decision; or (2) the partner-level suit is based on adjustments to partnership items after the filing of an administrative

---

TEFRA's audit procedures to a partnership's given taxable year with the applicability of TEFRA's audit procedures to the partnership itself.

[12] Moreover, to the extent that plaintiffs' refund claim relates to non-partnership items, 26 C.F.R. § 301.6511(g)–1, by its terms, would not apply. Thus, plaintiffs' claim related to non-partnership items would also be untimely under the three-year statute of limitations provided by I.R.C. § 6511(a).

adjustment request.  The government notes that, to the extent that the McNaughtons might assert jurisdiction based upon an administrative adjustment request, plaintiffs failed to file such a request within the three-year limitations period for such requests provided by § 6227(a).[13]

Rather than address the express bar to partner-level suits provided in § 7422(h), plaintiffs contend that the government's jurisdictional arguments are "barred," "untimely," and "irrelevant" by the "[s]tatute of [l]imitations and the equitable doctrine of laches," or otherwise waived.  See Pls.' Reply 2, Docket No. 39.  Accordingly, plaintiffs argue that "[t]he sole relevant issue concerning the 2005 claim was whether or not plaintiffs' amended return was timely filed" pursuant to 26 C.F.R. § 301.6511(g)–1. Id.

The court agrees with the government that § 7422(h) provides an independent bar to plaintiffs' suit, which seeks a refund based on partnership items.  Plaintiffs do not allege that their claim relates to either of the exceptions to § 7422(h)'s general bar against partner-level refund suits related to partnership items.  Moreover, none of the attachments

---

[13] This section provides:

    (a) General rule.—A partner may file a request for an administrative adjustment of partnership items for any partnership taxable year at any time which is—
    (1) within 3 years after the later of—

        (A) the date on which the partnership return for such year is filed, or
        (B) the last day for filing the partnership return for such year (determined without regard to extensions), and

        (2) before the mailing to the tax matters partner of a notice of final partnership administrative adjustment with respect to such taxable year.

26 U.S.C § 6227.

to the pleadings can be read to suggest that the McNaughtons' claim relates to either computational errors by the Service or an administrative adjustment.

Plaintiffs' contention that the government has waived this argument is simply mistaken. It is well-established that subject matter jurisdiction cannot be waived. The court has an independent duty to dismiss a complaint if and when it determines that it lacks subject matter jurisdiction. See, e.g., John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 134-36, 139 (2008) (six-year statute of limitations is jurisdictional and cannot be waived); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (noting that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived") (citations omitted); see also RCFC 12(b)(1)(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, contrary to plaintiffs' contentions, it is legally irrelevant that the Service did not identify the jurisdictional bar provided for in § 7422(h) when it denied the McNaughtons' 2005 claim.

Because the McNaughtons' 2005 claim was not timely under I.R.C. § 6511(a) and in the alternative is barred by § 7422(h), Count I must be **DISMISSED**.

### d.  The court lacks jurisdiction to consider plaintiffs' claims for penalties

In Count III of the complaint, plaintiffs seek, among other things, "penalties" from the government. The government contends that plaintiffs' claim for penalties in Count III must be dismissed because plaintiffs must identify a money-mandating source of law to support a claim for money damages against the United States in this court, and that plaintiffs have failed to do so. Plaintiffs respond that they are entitled to seek penalties in

the Court of Federal Claims under Section 10(b) of the Securities Exchange Act of 1934,

15 U.S.C. § 78j(b) and its associated regulations, and under I.R.C. §§ 6225(a)(1) and

7433. See Pls.' Mot. for Summ. J. 11-14, Docket No. 22. Though plaintiffs

acknowledge that their claims for penalties are "speculative," and that the Tucker Act's

jurisdictional bar to claims sounding in tort may preclude relief, plaintiffs ask the court to

delay ruling on the government's motion to dismiss Count III until after discovery into

"the totality of Defendant's systemic conduct." Id. at 12. For the reasons explained

below, the court concludes that it is without jurisdiction to award plaintiffs penalties

under any of the authorities cited, and that discovery is not necessary.

    With regard to the Securities and Exchange Act of 1934 and associated

regulations, plaintiffs contend that the IRS withheld unspecified inside information

"which should have been publicly disclosed . . . . Plaintiffs are concerned that . . . [they]

have suffered losses as a result of trading by a privileged few who possessed this material

inside information . . . ." Pls.' Mot. for Summ. J. 12-13. In response, the government

correctly notes that the purpose of "the Securities and Exchange Act is to regulate and

control transaction in securities upon securities exchanges and over-the-counter markets,"

and that neither the Act nor its related regulations provides any right to money damages

from the government. Def.'s Resp. & Reply 10, Docket No. 26. The court agrees with

the government that Section 10(b) of the Securities and Exchange Act of 1934 (and its

associated regulations) does not constitute a money-mandating source that can be fairly

read as entitling plaintiffs to money damages, and thus cannot serve as a basis for

asserting a penalty claim.[14]  Jan's Helicopter Serv., Inc. v. Federal Aviation Admin., 525

F.3d 1299, 1309 (Fed. Cir. 2008).[15]

     Plaintiffs also argue that they are entitled to penalties based on "the illegal

detention of [p]laintiffs['] $58,600 claim as determined by the application of [I.R.C. §]

6225(a)(1),"[16] which plaintiffs contend may support "a claim for unwarranted collection

actions pursuant to I.R.C. [§] 7433."[17]  Pls.' Mot. for Summ. J. 13.  With regard to I.R.C.

---

[14] Indeed, this section addresses the use of manipulative and deceptive devices in connection
with the purchase or sale of any registered security.

[15] Moreover, because the right to penalties is a purely legal issue—rather than a factual one—
there is no reason to postpone ruling on this issue before allowing for fact discovery.

[16] This section provides:

    Restriction on assessment and collection.—

    Except as otherwise provided in this subchapter, no assessment of a deficiency
    attributable to any partnership item may be made (and no levy or proceeding in
    any court for the collection of any such deficiency may be made, begun, or
    prosecuted) before—

    (1) the close of the 150th day after the day on which a notice of a final partnership
    administrative adjustment was mailed to the tax matters partner, and

    (2) if a proceeding is begun in the Tax Court under section 6226 during such 150-
    day period, the decision of the court in such proceeding has become final.

I.R.C. § 6225(a).

[17] This section provides:

    If, in connection with any collection of Federal tax with respect to a taxpayer, any
    officer or employee of the Internal Revenue Service recklessly or intentionally, or
    by reason of negligence, disregards any provision of this title, or any regulation
    promulgated under this title, such taxpayer may bring a civil action for damages
    against the United States in a district court of the United States.  Except as
    provided in section 7432, such civil action shall be the exclusive remedy for
    recovering damages resulting from such actions.

I.R.C. § 7433 (emphasis added).

§ 6225, the government notes that the provision merely prohibits the Service from assessing taxes attributable to a partnership item within a certain period, and is silent as to any requirement that the government pay money damages. As such, it does not support a claim for penalties. With regard to I.R.C. § 7433, the government acknowledges that I.R.C. § 7433 establishes a cause of action for penalties against the Service in certain circumstances, but that jurisdiction is only proper in a District Court of the United States. Def.'s Resp. & Reply 11 (citing I.R.C. § 7433(a)).

The court agrees with the government that I.R.C. § 6225 is not a money-mandating provision and therefore does not provide a basis for finding jurisdiction under the Tucker Act. The court also agrees with the government that I.R.C. § 7433 does not authorize this court to exercise jurisdiction over plaintiffs' claim for penalties from the Service's allegedly reckless, intentional, or negligent application of the Internal Revenue Code. Rather, I.R.C. § 7433 includes a jurisdictional provision that allows for such claims only in the United States District Courts. See I.R.C. § 7433(a) (a "taxpayer may bring a civil action for damages against the United States in a district court of the United States") (emphasis added)). Because I.R.C. § 7433 "contains its own self-executing remedial scheme," this court cannot exercise jurisdiction pursuant to the Tucker Act. United States v. Bormes, 133 S. Ct. 12, 17, 19 (2012); see also Dumont v. United States, 85 Fed. Cl. 425, 430 (2009) (holding that "under the explicit terms of 26 U.S.C § 7433(a), a federal district court would have exclusive jurisdiction over [plaintiff's] tort claims regarding the government's tax collection activities"), aff'd, 345 F. App'x 586 (Fed. Cir. 2009).

In addition to their claim for penalties, however, plaintiffs contend that they are entitled to recover "reasonable administrative costs and reasonable litigation costs" pursuant to I.R.C. § 7430. See Pls.' Mot. for Summ. J. 11.  The government acknowledges that the Court of Federal Claims possesses jurisdiction to award costs pursuant to this provision.  Accordingly, Count III survives to the extent that plaintiffs seek recovery of such costs.

## III.   CONCLUSION

For the foregoing reasons, the government's motion to dismiss Count I and portions of Count III of the complaint is **GRANTED**, and plaintiffs' motion for summary judgment as to those counts is **DENIED**.  Further, because the government has conceded liability as to the 2007 refund claim in Count II of the complaint, plaintiffs' motion for summary judgment is **GRANTED-IN-PART and DENIED-IN-PART**.[18]  The court further orders the parties to confer and file, by no later than **September 5, 2014**, a joint status report setting forth next steps for resolving the remaining claim for costs not dismissed by this order or, in the alternative, the parties shall provide the court with a proposed judgment agreed to by both parties.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[18] As explained above, this court lacks jurisdiction to award penalties in connection with this suit.  Accordingly, the court **DENIES** plaintiffs' motion for partial summary judgment to the extent that it seeks to recover "penalties" under Count II.